PONCE YACHT CLUB, INC., Petitioner, v. TAX COURT OF
PUERTO RICO, Respondent.

No. 74.  Argued March 18, 1946.—Decided July 24, 1946.

*Vicente Zayas Pizarro* for petitioner.  *E. Campos del Toro, Attorney
General,* and *J. B. Fernández Badillo, Attorney of the Department
of Justice,* for the intervener Treasurer of Puerto Rico, respondent
in the main proceeding.

MR. JUSTICE SNYDER delivered the opinion of the court.

On November 25, 1942, the Treasurer notified the petitioner
of the imposition of a property tax on its personal and real
property for the fiscal year 1942–43.  Subsequently, a similar
tax was assessed for 1943–44.  This notice recited that if
the petitioner did not believe it ought to pay the tax, it could
contest the tax in the Court of Tax Appeals by paying the
part to which it did not object within 60 days and filing its
complaint within 30 days thereafter, pursuant to § 309 of
the Political Code.

On December 23, 1942, the petitioner wrote the Treas-
urer requesting that the imposition of this tax be "left with-

out effect" on the ground that the petitioner was exempt from the tax pursuant to § 291(e) of the Political Code. On February 8, 1943, a subordinate of the Treasurer wrote the petitioner demanding payment. On February 23, 1943, counsel for the petitioner visited the Treasury Department and conferred with subordinate officials who, according to his testimony, agreed verbally with him that the assessment should remain without effect while the Department was considering his contention that the property of the petitioner was exempt from this tax. After some additional correspondence between counsel for the petitioner and the Treasurer, the Assistant Treasurer wrote the petitioner on May 12, 1944, calling on the petitioner to pay the tax. On May 24, 1944, the petitioner filed this complaint in the Tax Court, which was dismissed on the ground that it was not filed within the time provided by law.

██ Under § 4 of Act No. 172, Laws of Puerto Rico, 1941 (p. 1038), as amended by Act No. 32, Laws of Puerto Rico, 1941, Spec. Sess. (p. 114), which was the statute in effect at the time this case arose, the Court of Tax Appeals had jurisdiction in a case of this type to review an administrative decision of the Treasurer. And the notice of November 25, 1942, was clearly such a decision. Consequently, the petitioner was required under § 309 of the Political Code, as amended by Act No. 222, Laws of Puerto Rico, 1942 (p. 1246), to pay within sixty days that part of the tax to which it did not object, and file a complaint within thirty days of the payment. Since the petitioner took the position that it was exempt from payment of any tax, it was entitled at the most to wait until ninety days after November 25, 1942, before filing its complaint.

██ However, the petitioner argues that the conversation of its attorney with the subordinate officials of the Department on February 23, 1943, when the time it had to sue in

the Tax Court was about to expire, had the legal effect of setting aside the decision of the Treasurer of November 25, 1942, and that it was therefore entitled to file a complaint in the Tax Court based on the alleged new administrative decision of May 12, 1944. Despite the fact that the conversation in question took place, we are unable to agree that it can have the legal effect attributed to it by the petitioner. Perhaps, as the Tax Court held, it resulted in a suspension of the administrative actions of the Treasurer looking to collection of the tax. But something more must be required than such informal conversations with subordinate officials before we would be warranted in holding that an administrative decision, from which the taxpayer is entitled to appeal to the Tax Court, is withdrawn.

The order of the Tax Court will be affirmed.